UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
HICA EDUCATION LOAN
CORPORATION,

        Plaintiff,

   v.

11 CV 488 (SJ) (RER)

<u>MEMORANDUM
AND ORDER</u>

STEVE YUNATANOV,

        Defendant.
--------------------------------------------------X

A P P E A R A N C E S
FRANK STEVEN TATE
550 Old Country Road
Suite 201
Hicksville, NY 11801
*Attorney for Plaintiff*

Steve Yunatanov, *Pro Se*
83-83 118th Street
Kew Gardens, NY 11415

JOHNSON, Senior District Judge:

      Presently before the Court is Plaintiff HICA Education Loan Corporation's ("Plaintiff" or "HICA") motion for summary judgment. Based on the submissions of the parties, the September 5, 2012 and October 12, 2012 hearings before the Court, and for the reasons stated below, Plaintiff's motion is GRANTED.

BACKGROUND

Steve Yunatanov ("Defendant") signed three Health Education Assistant Loan ("HEAL") Program Promissory Notes with Plaintiff for a total of $40,000 between September 9, 1990 and August 21, 1991. The Promissory Notes include: (1) one HEAL Promissory Note dated September 9, 1990 for the amount of $15,000; (2) one HEAL Promissory Note dated September 26, 1990 for the amount of $10,000; and (3) one HEAL Promissory Note dated August 21, 1991 for the amount of $15,000. (Rule 56.1 Stat. ¶ 1.)

Thereafter, Defendant defaulted on the federally guaranteed student loans under the terms of the Promissory Notes. (Rule 56.1 Stat. ¶ 3.) Plaintiff filed the complaint against Defendant on February 1, 2011 to collect on Defendant's outstanding debt. Defendant submitted an answer to the complaint on March 4, 2011, wherein he admitted to the arrearages while asserting the statute of limitations as an affirmative defense. Defendant also requested that the total amount be recalculated and that he be given the opportunity to settle the outstanding debt out of court.

On October 6, 2011, Plaintiff filed a motion for summary judgment seeking to recover: (1) $90, 107.19 in combined unpaid principal and interest as of October 5, 2011; (2) $3.68 per diem interest since October 5, 2011; and (3) $32.73 in late fees. (Zimmerman Decl. at 2.)

On January 6, 2012, Defendant requested that the Court deny the Plaintiff's motion for summary judgment, but did not provide any evidence to support his request or take any action consistent with his claim that he wished to settle his outstanding debt out of court. Indeed, on November 6, 2012, Plaintiff sent a letter to Defendant per his request, with two payment options for the outstanding debt in lieu of a resolution on the merits. (Dkt No. 25 at 2.) On December 11, 2012, Defendant wrote a letter to the Court conceding liability and requesting even more time to make the payments because the owed amount was in excess of what he had anticipated. (Dkt No. 25 at 1.) He did not otherwise challenge the motion. And, as of the date of this order, has not made alternate payment arrangements with HICA.

## DISCUSSION

It is well-settled that a party moving for summary judgment has the burden of establishing that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003). Material facts are those that may affect the outcome of the case. See Anderson, 477 U.S. at 248. An issue of fact is considered "genuine" when a reasonable finder of fact could render a verdict in favor of the non-moving party. Id.

In considering a summary judgment motion, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual

issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986) (citing Anderson, 477 U.S. at 248). If the Court recognizes any material issues of fact, summary judgment is improper, and the motion must be denied. See Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 249 (2d Cir. 1985).

If the moving party discharges its burden of proof under Rule 56(c), the non-moving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading." Anderson, 477 U.S. at 256. Indeed, "the mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. Id. at 247-48. Rather, enough evidence must favor the non-moving party's case such that a jury could return a verdict in its favor. Id. at 248; see also Gallo v. Prudential Residential Servs., Ltd., 22 F.3d 1219, 1224 (2d Cir. 1999) ("When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper.").

Additionally, when the party opposing the motion is proceeding *pro se*, as in the case of Defendant Yunatanov, "the court must construe liberally *pro se* pleadings and interpret them 'to raise the strongest argument that they suggest....'"

Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 285, 2010 WL 199993, at *3 (2d Cir. 2010) (citing Brownell v. Krom, 448 F.3d 305, 310 (2d Cir. 2006)).

I. *The Prima Facie Case*

To establish a prima facie case for the recovery of a breach of contract to pay a promissory note, "the plaintiff simply must show proof of the note and the defendant's failure to pay by its maturity date." In re RMM Records & Video Corp., 372 B.R. 603, 609 (Bankr. S.D.N.Y. 2007) (citing Camofi Master LDC v College Partnership, Inc., 452 F. Supp. 2d 462, 470 (S.D.N.Y. 2006)). The plaintiff must show that (1) the defendant signed the promissory note; (2) the party seeking enforcement is the present holder or owner of the note; and (3) that the note is in default. See United States v. Petroff-Kline, 557 F.3d 285, 290 (6th Cir. 2009); United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001); see also Camofi Master, 452 F. Supp. 2d at 470. Accordingly, "[a]ctions for recovery on a promissory note are appropriately decided by motion for summary judgment" because "[a] promissory note stands on its own and establishes the plaintiff's right to payment." Id.; see also Crotona 1967 Corp. v. Vidu Bros. Corp., 10-CV-6004 SMG, 2013 WL 603552, at *5 (E.D.N.Y. Feb. 14, 2013)) (holding same).

Once the prima facie case is established, then "the burden shifts to the defendant to prove the 'existence' of a triable issue of fact in the form of a bona fide defense against the note." Camofi Master, 452 F. Supp. 2d at 470.

This case is uncomplicated: Defendant does not dispute the fact that he signed three HEAL promissory notes, the Plaintiff is the owner and/or holder of the Notes, and the Defendant defaulted under the terms of the Notes. (Rule 56.1 Stat. ¶ 1-3.) Thus, the elements of the prima facie case are met.

## II. Statute of Limitations

Defendant invokes the statute of limitations as an affirmative defense and grounds for dismissal. (Dkt. No. 3 at 2.) However, as Plaintiff notes, 20 U.S.C. § 1091(a)(1) provides that, "[i]t is the purpose of this subsection to ensure that obligations to repay loans ... are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced." See also Gaddy v. U.S. Dep't of Educ., 08-CV-573 DLI LB, 2010 WL 1049576, at *4 (E.D.N.Y. Mar. 22, 2010). Accordingly, Defendant's invocation of the statute of limitations does not meet the burden of a bona fide defense. Thus, Plaintiff's collection of the Defendant's outstanding debt is not barred by the statute of limitations.

## CONCLUSION

Plaintiff has met all of the elements of the prima facie case and, even construing his submissions liberally, Defendant fails to provide a valid affirmative defense. His attempts to settle the matter have not been genuine. Thus, there is no genuine issue of material fact and an action for recovery on the Promissory Notes is appropriately decided by a motion for summary judgment. For the foregoing reasons, Plaintiff's motion is granted. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: June 28, 2013  _____/s_____
Brooklyn, New York  Sterling Johnson, Jr., U.S.D.J.